CASE 88—PETITION ORDINARY—MAY 31.

## City of Louisville v. Garr by, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. SPECIAL LIMITATION LAW—EXTENT OF REPEAL OF GENERAL LAW.
—A local or special law fixing six months as the period of limitation as to actions for damages against a particular city had the effect, as to such actions against the city, to repeal the provision of the general law fixing twelve months as the period of limitation, but did not operate to repeal the saving of the general law

City of Louisville v. Garr by, &c.

in favor of infants by which limitation as to them runs only from the time of the removal of their disability.

2. INJURIES FROM DEFECTIVE CONSTRUCTION OF BRIDGE.—In this action against a city to recover damages for personal injuries alleged to have resulted from the defective construction of defendant's bridge, as the testimony tended to show that neither on the approaches nor on the center span of the bridge, which in its narrowest place was some fourteen feet in width, was there any rail or other contrivance to prevent vehicles from colliding with each other; that the approaches were unusually steep, and the floor on one of the approaches so constructed that heavily loaded wagons would trend toward one side, rendering collisions inevitable under circumstances likely to happen in the ordinary use of the bridge by the traveling public, and that these defects caused the injuries complained of, the proof was sufficient to support the verdict for plaintiff.

H. S. BARKER, CITY ATTORNEY, IN PETITION FOR REHEARING.

(Brief not in record.)

The saving in favor of infants contained in the General Statutes should not be imported by construction into the special or local statute. The same rule ought not to apply to the city that operates on individuals and private corporations. (Session Acts 1881-2, vol. 1, 1017; Preston v. The City of Louisville, 84 Ky., 119; Covington v. Hoadley, 83 Ky., 444; Covington v. Voskotter, 80 Ky., 219; O'Bannon v. L., C. & L. R. Co., 8 Bush, 348; Woods on Limitation (2d Ed.), sec. 252; Angell on Limitation, sec. 194; American &·Eng. Ency. of Law, vol. 13, 735; Beckfort v. Wade, 17 Vesey, Jr., 92; Amy v. Watertown, 130 U. S., 325; Vance v. Vance, 108 U. S., 521; Bank of the State of Alabama v. Dalton, 9 Howard, 529; The Sam Slick, 2d Curtis, 485; McIver v. Ragan, 2 Wheaton, 25; Mobley v. Oeker, 3d Yeates, Penn., 201; Warfield v. Fox, 53 Penn. St., 382; Howell v. Hair, 15 Ala., 194; Favorite v. Booher, 17 Ohio St., 548; Pryor v. Ryburn, 16 Ark., 671; Bennett v. Worthington, 24 Ark., 487; Sims v. Cumby, 53 Ark., 491, Bucklin v. Ford, 5 Barb., N. Y., 393; Wells v. Childs, 12 Allen, 333; Baines v. Williams, 3 Iredell, N. C. (Law), 481; Dozier v. Ellis, 28 Miss., 730; Sacia v. De Graff, 1 Coward, 356; The State ex rel. Ullin v. Allen, 82 Ind., 543; Miller v. Lesser, 71 Iowa, 147; In re John W. Griffith (Habeas Corpus), 35 Kan., 337; Chicago & Northwestern R. v. Jenkins, 103 Ill., 588; Morgan v. Des Moines, 54 Federal Reporter, 456; Morgan v. Des Moines, 60 Federal Reporter, 208; Arterburn's exrs. v. Young, 14 Bush, 509.)

City of Louisville v. Garr by, &c.

HARGIS & TURNER, Jr., for appellee.

1. That part of the city charter which fixes the limitation of such actions as this at six months is *itself an exception* to the general law of limitation and is an exception only to the extent expressly stated in the charter of the city. The general law applies except in so far as inconsistent with the charter provision. (Dillon on Mun. Corp. (3d Ed.), secs. 87, 88.)
2. The evidence in this case sustains the verdict beyond all reasonable doubt, and the case of Board of Int. Imp. of Shelby county v. Scearce, 2 Duv, 576, furnishes the law applicable to it.

MATT O'DOHERTY on same side.

1. The law was correctly given to the jury. (Board of Internal Imp. of Shelby County v. Scearce, 2 Duv., 576.)
2. There was no limitation as to any action at common law. (Wood on Limitation of Actions, sec. 2.)
3. The charter provision was merely an amendment to the general limitation law, and was not intended to repeal the saving of the general law in favor of persons under disability. (Gen. Stats., chap. 71, art. 3, sec. 3; *Idem.* Art. 14, sec. 2; Wood on Limitation, sec. 6, p. 11.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Section 3, of article 3, chapter 71, of the General Statutes, provides that "an action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant, or for injuries to person . . . by any company or corporation . . . shall be commenced within one year next after the cause of action accrued, and not thereafter."

Section 2, of article 4, same chapter, provides that "if a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant . . the action may be brought within the like number of years after the removal of such disability . . . .that is allowed to a person having no such impediment to bring the same after the right accrued."

These sections embraced the law on the subject of limita-
tion of actions for personal injuries in force throughout
the State in March, 1882, and were, therefore, applicable
to actions for such injuries against the city of Louisville.
At the date named, however, the General Assembly, in the
form of an amendment to the charter of the city of Louis-
ville, adopted the following:

"No actions for damages of any character whatever, to
either person or property, shall be instituted or maintained
against the city unless such action be commenced within
six months after the accrual of the cause of action." It
will be observed that in this amendment no reference is
made to the section fixing twelve months as the limitation
of such actions, and it is evident none was needed. The
special law was inconsistent with the general one and hence
effected its repeal.    But it did no more than that.    It did
not repeal or modify the general law then in force in the
city, and the State as well, found in section 2, article 4, by.
which an infant might bring its action after removal of its
disability, within a like number of years allowed to persons
not under disability after their right of action accrued.    It
seems to us that the only effect the amendment was in-
tended to have by the legislature  was to change the time
from twelve months to six months, within which a,ctions
against the city of Louisville might be brought, and that
the General Statutes saving the rights of infants, as found
in the subsequent article and section quoted, was left un-
affected.    Certainly there was no express repeal of this rea-
sonable and just statute on behalf of infants, and we find
no good reason to adjudge its repeal by implication.

As aptly stated by counsel, "that part of the city charter
which fixes the limitation of such actions at six months is
itself an exception to the general law of limitation, and is

an exception only to the extent expressly stated in the charter of the city, because the general law of limitation applies to all persons or corporations, unless they are expressly exempted from the operation of the statute."

We are aware of the general rule that when infants, married women and persons of unsound mind are not especially excepted from the operation of statutes of limitation, they are barred just as persons not under disability. The exemptions usually accorded these persons do not rest upon any general doctrine of the law requiring them to be put on a more favorable footing than others. But here we have a particular modification with reference alone to the time within which certain actions may be brought, and no modification of certain other general laws, which provide a saving of the rights of infants.

The cases cited by counsel for the city are in line with the general rule, which, as we have said, we recognize, but they are not at all similar to the case at hand.

This action was brought by the appellee, as next friend of the infant, Urith L. Garr, within about seven months after she was injured through the defective construction of the appellant's bridge, and the demurrer to the city's plea of limitation was properly overruled.

On the trial of the case the plaintiff introduced proof tending to show that neither on the approaches nor on the center span of the bridge, which, in its narrowest place, was some fourteen feet in width, was there any rail, beam or other usual contrivance to prevent vehicles from colliding with each other. That the approaches were unusually steep, and the floor on the eastern approaches was so constructed that heavily loaded wagons would trend toward one side, rendering collisions inevitable, under circumstances likely to happen in the ordinary use of the bridge by the traveling

public, and that these defects caused the injury complained of. We think the proof sufficient to support the verdict of the jury. No serious complaint is urged against the instructions. They fully embrace the law of the case.

Judgment affirmed.

To a petition for rehearing, filed by counsel for appellant, Judge Hazelrigg delivered the following response of the court, November 12, 1895:

The contention of counsel involves the assumption that the charter amendment of March, 1882, embraces the whole law on the limitation of actions against the city for damages to person or property. If so, then the right of one who may die before limitation has run is not preserved to his representative (sec. 3, art. 4, General Statutes); nor are the rights of aliens and subjects of a country at war with the United States protected (sec. 11, *ib.*), nor of one confined in the penitentiary, and, therefore, unable to sue (sec. 13, *ib.*), nor of a party restrained by injunction or delayed by vacancy in office, the absence or refusal of an officer to act, etc. (sec. 21, *ib.*), nor when action fails for want of jurisdiction after commencement thereof in due time (sec. 22, *ib*).

These modifications of the general law are found in company with the one preserving the rights of infants, etc., until after a certain period from the removal of their disability. A literal reading of the amendment would prevent the application of any of those exceptions or modifications to actions brought against the city, and induce a construction wholly repugnant to the manifest intent of the general law on the subject. The amendment is not to be thus separated or isolated from the great body of laws of which it forms a part, but must be construed with reference to the comprehensive and just system prevailing in the State.

This amendment provides that fines for all misdemeanors committed in the city of Louisville shall, when collected, be paid into the treasury of the city, but in Barbour v. City of Louisville, 83 Ky., 95, this court held that the provision must be examined in the light of the general policy of the legislation on that subject.

If we cling to the letter of the amendment we must abandon the well-settled policy of our law with regard to the rights of infants and others under disability, and such, we can not think, was the legislative intent.

In the case of Morgan v. The City of Des Moines, 60 Federal Reporter, 208—a case relied on by counsel for appellant—the act fixing the limitation was not a local but a general act. The legislature had the whole subject before it of "limiting the time of making claims and bringing suits against municipal corporations," and must be supposed to have dealt fully with it. Besides, in note 1, page 476, of Wood on Limitation, it is said: "Infancy is within the saving clause of all the statutes except in Iowa, where there is no exception in favor of disability except in cases of real actions, etc.;" and while the revision of 1880, referred to in the case cited, changed this, there was no well-settled policy in force preserving the rights of infants when the act limiting the time for bringing suits against municipal corporations to six months was enacted. Indeed, the policy had been quite the reverse.

Whether sec. 2752 of the Kentucky Statutes, part of the act of July, 1893, for the government of cities of the first class, limiting such actions to six months, was intended to affect the statutory modifications then in force is a question not now involved and is not decided.

Petition overruled.